UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE TECHNICIANS, ARTISTS, AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA AND ITS TRUSTEED LOCAL 720 LAS VEGAS NEVADA, *also known as* IATSE Local 720,<br><br>              Plaintiff,<br>vs.<br><br>IN SYNC SHOW PRODUCTIONS, INC.,<br><br>              Defendant. | Case No.: 2:12-cv-00181-GMN-PAL<br><br>**ORDER**<br><br>(Petition to Compel Arbitration – #1; Motion to Dismiss, or Alternatively, for Summary Judgment – #8) |

Pending before the Court is Petitioner International Alliance of Theatrical Stage Employees and Moving Picture Technicians, Artists, and Allied Crafts of the United States, and its Territories and Canada and its Trusted Local 720 Las Vegas Nevada, *also known as* IATSE Local 720's ("Local 720") **Petition to Compel Arbitration** (ECF No. 1).

Also before the Court is Respondent In Sync Show Production, Inc.'s ("In Sync") **Motion to Dismiss, or Alternatively, for Summary Judgment** (ECF No. 8). The Court has also considered Local 720's Opposition (ECF No. 10), and In Sync's Reply (ECF No. 12).

**I.     BACKGROUND**

This dispute arises from a collective bargaining agreement entered into between Local 720 and In Sync, which was set to last until December 31, 2007 ("03-07 CBA"). The 03-07 CBA included two provisions important to the resolution of these motions. First, the 03-07 CBA includes what is sometimes referred to as an Evergreen Clause. This particular Evergreen

Clause stated: "Except as otherwise provided for herein, this Agreement shall become effective on the 1st day of January, 2003 and shall continue in full force and effect to and including December 31, 2007 and from year to year thereafter." (Mot. to Dismiss, 10:11-13, ECF No. 8; Pet. to Compel Arbitration, Ex. 1, 26.01, ECF No. 1.)[1]  Second, the 03-07 CBA also includes a broad arbitration clause providing:  "For the purpose of this Agreement, a grievance is defined as a claim or allegation by an employee in the bargaining unit or by the Union that the Employer has violated or is violating the provisions of this Agreement." (Pet. to Compel Arbitration, 15.01.)  Each such grievance may be taken through different processes, including arbitration, and the arbitrator is authorized to interpret the contract, though not change it. (*Id*. at 15.02(d).)

On October 2, 2007, Local 720 notified In Sync that it wished to modify or amend the 03-07 CBA.  In Sync responded by telling Local 720 that it did not intend to renew the 03-07 CBA and did not wish to be bound by a collective bargaining agreement.  Local 720 sent In Sync a proposed collective bargaining agreement, which Local 720 calls the 2008-2012 CBA, supposedly meant to temporarily extend the 03-07 CBA while the parties negotiated.  In Sync never signed this 08-12 agreement.  Nonetheless, the Parties entered into negotiations for the purpose of creating a new collective bargaining agreement.  However, these negotiations eventually fell apart sometime in 2008.  Since then, In Sync has apparently been operating as if no applicable collective bargaining agreement applies to them.

Local 720 now claims that because of the Evergreen Clause in the 03-07 CBA, the 08-12 CBA binds the parties and In Sync is currently and has been in continuous breach of this agreement.  However, In Sync claims that it cancelled the 03-07 CBA and there is no contract between it and Local 720.  Now before the Court are Local 720's petition to compel arbitration on In Sync's alleged breach of the 03-07 CBA, and In Sync's motion to dismiss.  For the

---

[1] The Court takes this language from In Sync's motion and the purported 08-12 CBA as the parties have not provided a full copy of the 03-07 CBA.  However, the Parties do not dispute that the only difference between the 03-07 CBA and the 08-12 CBA were the effective dates and, thereby, acknowledge that this is the language of the 03-07 CBA Evergreen Clause.

reasons discussed below, the Court grants Local 720's petition, compels the parties to arbitrate the contract dispute, and denies In Sync's motion.

## II. LEGAL STANDARD

"The first principle of the law of labor arbitration is that arbitration 'is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *LAWI/CSA Consolidators, Inc. v. Wholesale & Retail Food Distribution, Teamsters Local 63*, 849 F.2d 1236, 1238 (9th Cir. 1988) (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). "The second principle, which follows from the first, 'is that the question of arbitrability – whether a collective bargaining agreement creates a duty for the parties to arbitrate the particular grievance – is undeniably an issue for judicial determination.'" *Id.* (quoting *AT & T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 649 (1986)). That is, "[u]nless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT & T Technologies*, 475 U.S. at 649. Nonetheless, where a collective bargaining agreement includes an arbitration clause, "there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *Id*. at 650 (quoting *Warrior & Gulf*, 363 U.S. at 582-83).

## III. DISCUSSION

There are two key issues and arguments before the Court. In Sync argues that the Court lacks subject matter jurisdiction to compel arbitration because the 03-07 CBA has clearly expired and In Sync never signed or otherwise agreed to the purported 08-12 CBA. Therefore, In Sync argues, any claim by Local 720 is preempted by the National Labor Relations Act ("NLRA"), specifically, 29 U.S.C. §§ 157 and 158, as an unfair labor practices claim. Local

720, however, argues that the NLRA does not preempt its claims because all Local 720 seeks is to have an arbitrator interpret the 08-12 CBA and determine whether it is in effect and whether In Sync is currently violating it.  Even though the Court does not entirely agree with Local 720's analysis, the Court finds for Local 720 for the following reasons.

Local 720 relies on the Evergreen Clause of the 03-07 CBA in arguing that the 08-12 CBA binds the Parties.  For some reason, Local 720 has apparently read out the portion of the Evergreen Clause that states that the 03-07 CBA would continue in effect "from year to year" after its expiration, (Pet. to Compel Arbitration, 26.01), not in block chunks of four-year periods. Nonetheless, the Court finds In Sync's argument, that In Sync clearly cancelled the Evergreen Clause when it notified Local 720 that it did not intend to renew the 03-07 CBA, unavailing. The Court does not determine that In Sync's argument is necessarily wrong; the Court simply does not reach the merits of the argument.  Rather, the Court decides that because In Sync's argument requires interpretation of the 03-07 CBA and a determination of whether it was cancelled, the argument is better left for an arbitrator to decide pursuant to the arbitration clause and Local 720's grievance process. *Brotherhood of Teamsters and Auto Truck Drivers Local #70 v. Interstate Distrib. Co.*, 832 F.2d 507 (9th Cir. 1987) (where the collective bargaining agreement "contains a broad arbitration clause covering all disputes concerning the meaning of the terms and provisions of the agreement and the clause does not expressly exclude disputes over the termination provision, . . . . Disputes over expiration or termination must be submitted to arbitration.").  In the end, the arbitrator may very well agree with In Sync, that its communications with Local 720 prevented the Evergreen Clause from automatically renewing the 03-07 CBA on a year to year basis, but that is not for this Court to decide.  Accordingly, the Court grants Local 720's petition to compel arbitration and denies In Sync's motion to dismiss.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Local 720's Petition to Compel Arbitration (ECF No.

1) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case shall be **STAYED** pending the completion of arbitration.

**IT IS FURTHER ORDERED** that In Sync's Motion to Dismiss, or Alternatively, Motion for Summary Judgment (ECF No. 8) is **DENIED**.

**DATED** this 31st day of August, 2012.

_____
Gloria M. Navarro
United States District Judge